UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2348-JGB (SP) | Date | February 8, 2016 |
|---|---|---|---|
| Title | JUNQI ZHANG v. LORETTA LYNCH, Attorney General, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Prosecute

On November 13, 2015, petitioner Junqi Zhang, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). The petition challenged petitioner's detention by Immigration and Customs Enforcement ("ICE") pursuant to a removal order by an immigration judge. Petitioner sought his release from custody.

"[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895)). If "the habeas petition[] raise[s] claims that were fully resolved by release from custody," the petition is moot. *Abdala v. INS*, 488 F.3d 1061, 1065 (9th Cir. 2007); *see also Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (holding that when the petition seeks relief from conditions of confinement, petitioner's release from prison renders the petition moot); *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (holding that since release from custody was the only relief sought, petitioner's subsequent release rendered the case moot).

On December 17, 2015, respondents filed a Notice of Petitioner's Release Subject to Bond Posting ("Notice"), informing the court an immigration judge granted petitioner release from ICE detention, subject to petitioner posting bond. The Notice included a copy of the immigration judge's December 15, 2015 order granting release. Respondents contend that because the immigration judge's order granted petitioner the relief he sought in the Petition, the Petition is moot and should be dismissed. Respondents also noted that, as of the filing of the December 17, 2015 Notice, petitioner had yet to post bond to obtain release. However, a subsequent search for petitioner's Alien Number in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2348-JGB (SP) | Date | February 8, 2016 |
|---|---|---|---|
| Title | JUNQI ZHANG v. LORETTA LYNCH, Attorney General, et al. | | |

the ICE Online Detainee Locator System (*see* https://locator.ice.gov/odls/searchByAlienNumber.do) reveals that petitioner is no longer in custody. As such, it appears petitioner has posted bond and been released from custody.

In order to give petitioner an opportunity to address respondents' contention of mootness, on December 29, 2015 the court issued an order setting a deadline of January 19, 2016 for petitioner to oppose the dismissal of the Petition as moot or otherwise respond to the Notice. More than two weeks having passed since the January 19, 2016 deadline, petitioner has not responded to respondent's Notice or to the court's December 29, 2015 order.

It also appears petitioner failed to immediately notify the court of a change in his address. On November 18, 2015, the court issued its Order Requiring Response to Petition and mailed that Order to petitioner at his address of record, his place of incarceration at Adelanto-East Detention Facility in Adelanto, California. That Order notified petitioner of his duty to comply with Local Rule 41-6, requiring him to immediately notify the court of any change of address. Local Rule 41-6 states as follows:

> If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution."

As noted, petitioner has been released from custody, but he has not notified the court of a change of address, and his address of record remains the Adelanto detention facility. It therefore appears petitioner has failed to comply with Local Rule 41-6.

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2348-JGB (SP) | Date | February 8, 2016 |
|---|---|---|---|
| Title | JUNQI ZHANG v. LORETTA LYNCH, Attorney General, et al. | | |

(weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

Accordingly, within **fourteen (14)** days of the date of this Order, that is, by **February 22, 2016**, petitioner is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute. Petitioner is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the dismissal of his Petition and this action. If petitioner no longer wishes to pursue this action in light of his release, he may file the attached Notice of Voluntary Dismissal in lieu of responding to this Order to Show Cause.

The court notes petitioner provided a home address among the factual allegations comprising the Petition. Pet. at 12. The court further notes this address is identical to the one cited by respondents as the last address provided by petitioner upon his release from custody. *See* Notice at 6. On this one occasion, the court will direct the Clerk of the Court to mail this Order to Show Cause to that home address (noted below) in addition to petitioner's address of record. In the future, however, the court will only serve petitioner at his address of record. Petitioner must file a notice of change of address if he wishes to change his address of record with the court.

cc: Junqi Zhang
211 1/2 S. Lincoln Avenue
Monterey Park, CA 91755