O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUNQI ZHANG,

                    Petitioner,

          v.

LORETTA LYNCH, Attorney
General, et al.,

                Respondents.

Case No. ED CV 15-2348-JGB (SP)

**MEMORANDUM AND ORDER
DISMISSING PETITION FOR WRIT
OF HABEAS CORPUS FOR FAILURE
TO PROSECUTE**

## I.

## INTRODUCTION

On November 13, 2015, petitioner Junqi Zhang, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition").  In the Petition, petitioner principally seeks release from immigration custody.  Petitioner has since obtained such relief.

Since being released from custody, petitioner has failed to respond to respondents' contention the Petition is now moot, and has failed to update his address of record, despite being repeatedly directed by the Court to do so.  Accordingly, as discussed below, the Petition should be dismissed for failure to prosecute.

## II.

## <u>BACKGROUND</u>

At the time he filed the instant Petition, petitioner was a federal prisoner held in immigration custody pursuant to a removal order by an immigration judge ("IJ"). Petitioner, a native and citizen of the People's Republic of China, alleges he was ordered removed from the United States on July 21, 2009 while in criminal custody, and was detained shortly thereafter by Immigration and Customs Enforcement ("ICE") for about 90 days following his release from California state custody.  Pet. at 11.[1] Petitioner remained in the United States under ICE supervision before ICE detained him again on June 18, 2015.  *Id.* at 12.

In the Petition, petitioner seeks a release from custody, claiming the detention violates 8 U.S.C. § 1231(a)(6), which authorizes discretionary detention of aliens after the removal period, and his rights to procedural and substantive due process under the Fifth Amendment.  *Id.* at 16-17.  Petitioner specifically asks the Court to grant him a writ of habeas corpus directing respondents "to immediately release him from custody on reasonable conditions of supervision," as well as enjoining respondents from any further unlawful detention of petitioner.  *Id.* at 18.

On November 18, 2015, the Court issued an Order Requiring Response to Petition.  In paragraph 12 of that Order, the Court informed petitioner he must "immediately notify the court and counsel for respondent of any change in petitioner's address.  If petitioner fails to keep the court informed of where petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.  *See* Local Rule 41-6."

On December 17, 2015, respondents filed a Notice of Petitioner's Release Subject to Bond Posting ("Notice"), informing the Court an IJ granted petitioner

---

[1]   Pages in the Petition are referenced herein according to the electronic page numbering supplied by the court's CM/ECF system.

release from immigration detention, subject to petitioner posting bond.  The Notice
included a copy of the IJ's December 15, 2015 order granting release.  *See* Notice, Ex.
A.  Respondents stated that, as of the filing of the December 17, 2015 Notice,
petitioner had yet to post bond to obtain release.  Nonetheless, respondents maintain
that because the IJ's order granted petitioner the relief he sought in the Petition, the
Petition is moot and should be dismissed.

In order to give petitioner an opportunity to address respondents' contention of
mootness, on December 29, 2015, the Court issued an Order setting a deadline of
January 19, 2016 for petitioner to oppose the dismissal of the Petition as moot or
otherwise respond to the Notice.  After petitioner failed to timely respond to the
Court's December 29, 2015 Order, the Court provided petitioner a second opportunity
to respond by issuing an Order to Show Cause Why Petition Should Not Be Dismissed
for Failure to Prosecute ("OSC") on February 8, 2016.  The Court ordered petitioner to
show cause, on or before February 22, 2016, why this action should not be dismissed
for failure to prosecute.

In the February 8, 2016 OSC, the Court noted that although petitioner had not
posted bond as of respondents' filing of the Notice on December 17, 2015, a
subsequent search for petitioner's Alien number in the ICE Online Detainee Locator
System revealed petitioner was no longer in custody.  The Court further noted that
since it appeared petitioner had been released from custody but his address of record
remained the Adelanto detention facility, petitioner apparently had failed to update his
address of record with the Court, in violation of Local Rule 41-6.  Because petitioner's
home address was among the factual allegations (Pet. at 12), and this address was also
cited by respondents (see Notice at 6), the Court directed the Clerk of the Court to mail
the OSC to petitioner's home address in addition to petitioner's address of record, but
stated in the future it would only serve petitioner at his address of record.

The Court warned petitioner in the February 8, 2016 OSC that his failure to
timely file a response will be deemed as consent to the dismissal of his Petition and

this action. More than a month having passed since the February 22, 2016 deadline, petitioner has not responded to the Court's OSC, respondents' Notice, or the Court's December 29, 2015 Order, and has not communicated with the Court since the filing of his petition on November 15, 2015. Further, on March 9, 2016, the February 8, 2016 OSC that was mailed to petitioner at his address of record was returned to the Court as undeliverable with an indication petitioner was released.

## III.

## DISCUSSION

"[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895)). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *U.S. v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceeding a case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). A habeas petition does not necessarily become moot when a petitioner is no longer "in custody." *Spencer*, 523 U.S. at 7; *see* 28 U.S.C. § 2241. But for a habeas petition to present a live controversy in a case where a petitioner seeks release from custody and has been released from that custody, "there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007); *see Spencer*, 523 U.S. at 7.

Here, the Petition requests relief from ICE custody. Pet. at 18. More precisely, the Petition seeks an order for release "on reasonable conditions of supervision." *Id.*

As noted above, petitioner was ordered released from custody subject to posting bond. This is the precise relief sought in the Petition.  Moreover, a search for petitioner's Alien Number in the ICE Online Detainee Locator System (*see* https://locator.ice.gov/ odls/searchByAlienNumber.do) revealed that petitioner is no longer in custody, and the most recent mailing to petitioner at his custodial address was returned with a stamp showing he has been released.  As such, it is clear petitioner has posted bond and been released from custody.

Because petitioner challenges his confinement and he is no longer confined in ICE custody, the Petition may well be moot.  *See Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (holding that when the petition seeks relief from conditions of confinement, petitioner's release from prison renders the petition moot).  The possibility remains that the Petition is not entirely moot, however, because the Petition seeks more than release from ICE custody.  The Petition also requests "preliminary and permanent injunctive relief" from further unlawful detention.  Pet. at 18.  Accordingly, the Court has repeatedly afforded petitioner the opportunity to respond to respondents' contention of mootness.  Petitioner has failed to respond, or even update his address of record, thus stalling this litigation.

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute.  The Ninth

Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se petitioner's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, petitioner has failed to inform the Court of his current address, failed to oppose the dismissal of the Petition as moot or otherwise respond to the Notice as directed, and failed to respond to the Court's February 8, 2016 OSC. Petitioner's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing petitioner to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Petitioner's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that the presumption of prejudice to respondents is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, petitioner has not offered any excuse for his failure to comply with the Court's initial order to keep the Court informed of his current address, or to respond to the Court's February 8, 2016 OSC. Thus, the third factor also weighs in favor of dismissal.

It is a petitioner's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to inform the Court of his current address, to oppose the dismissal of the Petition as moot or otherwise respond to the Notice as directed, and to respond to the Court's February 8, 2016 OSC, petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon [petitioner]'s counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) advising petitioner in its initial order that if petitioner fails to keep the court informed of a correct mailing address, this case may be dismissed; (2) issuing an order on December 29, 2015 to provide petitioner an opportunity to address respondents' contention of mootness; (3) providing petitioner a second opportunity to respond by issuing an OSC on February 8, 2016; (4) after noting petitioner had been released from custody, mailing the February 8, 2016 OSC to petitioner's home address in addition to his address of record; (5) informing petitioner in the OSC that he was in violation of Local Rule 41-6 for failing to update his address of record and cautioning petitioner that his failure to timely file a response will be deemed as consent to the dismissal of this action; and

(6) waiting more than one month beyond the deadline to respond to the OSC before issuing this order.  Many of these actions by the Court took place after petitioner was in noncompliance with the November 18, 2015 initial order, and after petitioner failed to respond to the Notice.  *See Pagtalunan*, 291 F.3d at 643 & n.4 (citing *Yourish*, 191 F.3d at 992, for the proposition that pursuit of less drastic alternatives prior to a party's noncompliance with court order will not satisfy factor, despite implied holdings of earlier cases).  Petitioner has failed to inform the Court of where he may be reached, and has not communicated with the Court in any fashion since he filed the Petition.  Further, dismissal without prejudice is less drastic than dismissal with prejudice.  As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the Petition without prejudice is warranted for failure to prosecute and to obey court orders.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus is dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: March 30, 2016

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Sheri Pym
United States Magistrate Judge

8